IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TIMOTHY FITZGERALD TOLLIVER, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. CIV-24-00104-PRW |
| CAMERON HARVENEK, | ) ) ) | |
| Respondent. | ) | |

## **ORDER**

Before the Court is Magistrate Judge Shon T. Erwin's Report and Recommendation (Dkt. 6), recommending that Petitioner's 28 U.S.C. § 2254 petition be dismissed as untimely, and Petitioner Tolliver's Objections (Dkt. 7).

Magistrate Judge Erwin concluded that Petitioner's Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limitations period to file a § 2254 petition expired on May 2, 2022. And since Petitioner did not file this petition until June 5, 2023, Magistrate Judge Erwin concluded that it was untimely and must be dismissed. Petitioner objects that he is entitled to equitable tolling of his AEDPA limitations period, but he offers no "extraordinary circumstance [that] stood in his way and prevented timely filing."[1] Accordingly, Petitioner is not entitled to equitable tolling. Petitioner also objects that his ineffective assistance of counsel claim demonstrates cause to excuse his failure to comply

---

[1] *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (internal quotation marks and citation omitted).

with a state procedural rule. However, Magistrate Judge Erwin recommended dismissal of the Petition as time-barred under AEDPA's one-year statute of limitations rather than on any state procedural ground.

Having reviewed the Report and Recommendation and Petitioner's objections *de novo*, the Court agrees with the Report and Recommendation's reasoning and conclusions. Accordingly, the Court **ADOPTS** the Report and Recommendation (Dkt. 6) in full, **DISMISSES** the Petition (Dkt. 1) with prejudice, and **DENIES AS MOOT** the remaining pending motion (Dkt. 2).[2]

**IT IS SO ORDERED** this 2nd day of August 2024.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[2] Before a habeas petitioner may appeal the dismissal of a section 2254 petition, he must obtain a Certificate of Appealability (COA). *See Vreeland v. Zupan*, 906 F.3d 866, 875 (10th Cir. 2018) (citing 28 U.S.C. § 2253(c)(1)(A)). A COA may issue only upon "a substantial showing of the denial of a constitutional right." § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Upon consideration, the Court finds the requisite showing is not met in this case. Therefore, a COA is **DENIED**.